**K|S|F**
KAHN SWICK & FOTI

250 Park Avenue, Suite 2040
New York, NY 10177

TEL +1 504.455.1400
FAX +1 504.455.1498
KSFcounsel.com

LOUISIANA
**NEW YORK**
CALIFORNIA

October 19, 2015

*Via ECF and hand delivery*

Honorable Judge Richard M. Berman
United States District Court
Southern District of New York
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Kim E. Miller
Partner – Admitted in NY & CA
Direct: 212.696.3730
Kim.miller@ksfcounsel.com

RE:   *In re Tesco PLC Securities Litigation*, No. 14-CV-08495

Dear Judge Berman:

    We are Lead Counsel for Lead Plaintiff Stephen Klug ("Plaintiff") in the above-referenced action. On October 15, 2015, Defendants filed their reply brief to their motion to dismiss (Dkt. 83). Plaintiff respectfully submits this letter to draw the Court's attention to Defendants' gross mischaracterization of the Second Circuit's opinion in *Liu Meng-Lin v. Siemens AG*, 763 F.3d 175, 179-80 (2d Cir. 2014). On page 3 of their reply brief, Defendants assert:

> The Second Circuit has emphasized that ADRs yield only a "slim connection" to the United States, "the sort of 'fleeting' connection that 'cannot overcome the presumption against extraterritoriality.'" *Liu Meng-Lin v. Siemens AG*, 763 F.3d 175, 179-180 (2d Cir. 2014) (quoting *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247, 263 (2010)).

    The Second Circuit emphasizes no such thing in the *Siemens* case, which does not even concern the application of the Securities Exchange Act, much less the application of Section 10(b) to domestic transactions in ADRs. Rather, the plaintiff—a resident of Taiwan employed by the Chinese subsidiary of Siemens (a German company)—brought suit against Siemens for a violation of the anti-retaliation provision of the Dodd-Frank Act, after he was fired for purportedly blowing the whistle on the company for corrupt practices. *Siemens*, 763 F.3d at 177. The *Siemens* plaintiff argued that the Dodd-Frank Act applied because Siemens listed its stock on the New York Stock Exchange and therefore subjected itself to U.S. securities laws, including the anti-retaliation provision. *Id.* at 179. The Second Circuit held that because "the complaint alleges no further meaningful relationship between the harm and those domestically listed securities, the listing of securities alone is the sort of 'fleeting' connection that 'cannot overcome the presumption against extraterritoriality.'" *Id.* at 180. The Second Circuit in *Siemens* conducted zero analysis of application of Section 10(b), nor passed any judgment on the connection of ADRs to the United States.



Hon. Judge Richard M. Berman -2- October 19, 2015

    Here, in stark contrast to plaintiff's claims in *Siemens* and in contrast to the securities fraud claims in *Morrison* that involved purchases of shares listed on an Australian stock exchange, Plaintiff's 10(b) claims arise directly from his purchases of Tesco ADRs in the United States.

    For the convenience of the Court, Plaintiff attaches the Second Circuit's opinion in *Siemens*.

Respectfully submitted,

*Kim E. Miller* /bg

Kim E. Miller

KM/bg
Enclosure

cc:    All Defense Counsel via ECF only