Bernon, R.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _12/23/15_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
                                )
                                )   Case: 14 Civ. 8495-RMB
                                )
                                )   [PROPOSED] ORDER          RMB
IN RE TESCO PLC SECURITIES      )   PRELIMINARILY APPROVING
LITIGATION                      )   SETTLEMENT AND
                                )   PROVIDING FOR NOTICE
                                )
                                )
```

WHEREAS, a consolidated action is pending before this Court styled *In re Tesco PLC Securities Litigation*, No. 14-CV-8495 (the "Action"); and

WHEREAS, lead plaintiff Stephen Klug ("Lead Plaintiff"), having made application, pursuant to Fed. R. Civ. P. 23(e), for an order approving the settlement of this Action, in accordance with Stipulation of Settlement dated November 19, 2015 (the "Stipulation"), which, together with the exhibits annexed thereto, set forth the terms and conditions for a proposed settlement of the Action and for dismissal of the Action with prejudice upon the terms and conditions set forth therein (the "Settlement");

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.     The Court preliminarily approves the Stipulation and the Settlement set forth therein, subject to further consideration at the Fairness Hearing described below to be held on April 21, 2016 at 2:00 p.m.

2.     Pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, the Court preliminarily certifies a class, for settlement purposes only, consisting of: (1) all persons (including their beneficiaries) who purchased or otherwise acquired American Depository Receipts ("ADRs") of Tesco PLC ("Tesco") between April 18, 2012 and September 22, 2014, inclusive (the "Class Period") and (2) all persons (including their beneficiaries) who purchased or otherwise acquired Tesco F Shares between April 18, 2012 and September 22, 2014, inclusive

1

(the "Class"). Excluded from the Class are Philip Clarke, Laurie McIlwee, Richard Broadbent (collectively, the "Individual Defendants") and Tesco (collectively with the Individual Defendants, "Defendants"); any officers or directors of Tesco during the Class Period and any current officers or directors of Tesco; any corporation, trust or other entity in which any Defendant has a controlling interest; and the members of the immediate families of Philip Clarke, Laurie McIlwee, and Richard Broadbent and their successors, heirs, assigns, and legal representatives. Also excluded from the Class are all persons and/or entities who have brought claims in the litigation captioned: *Western & Southern Life Insurance Co., et al. v. Tesco PLC*, No. 15-cv-658-SSB-SKB, currently pending in the United States District Court for the Southern District of Ohio.

3. The Court has determined preliminarily that: (a) the Class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims or defenses of Lead Plaintiff are typical of the claims or defenses of the Class; and (d) Lead Plaintiff will fairly and adequately protect the interests of the Class. The Court further preliminarily finds that the questions of law or fact common to members of the Class ("Class Members") predominate over any questions affecting individual members, including but not limited to whether Tesco published materially false and/or misleading statements between April 18, 2012 and September 22, 2014, as alleged by Lead Plaintiff. The Court also preliminarily finds that a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

4. A hearing (the "Fairness Hearing") shall be held before this Court on April 21, 2016, at 2:00 p.m., at the United States District Court for the Southern District of New York, Courtroom 17B, 500 Pearl Street, New York, New York, 10007, to determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate and should be approved by the Court; whether the Class should be certified pursuant to Rule 23 of the Federal Rules of Civil Procedure; whether a judgment as provided in the Stipulation should be entered; whether the proposed Plan of Allocation should be

2

approved; and to determine the amount of reasonable fees, time, costs, expenses, if any, that should be awarded to Lead Counsel. The Court may adjourn the Fairness Hearing.

5. The Court approves the second amended Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the amended Proof of Claim and Release form (the "Claim Form"), and the second amended Summary Notice (the "Summary Notice") filed with the Court on December 23, 2015, and finds that the mailing and distribution of the Notice and Claim Form and publishing of the Summary Notice substantially in the manner and form set forth in ¶¶ 6-7 of this Order meet the requirements of Federal Rule of Civil Procedure 23 and due process, and constitute the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

6. The Court appoints Epiq Systems, Inc. (the "Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a) Within 7 days of entry of this Order, the firm that serves as transfer agent for Tesco or its representative shall provide to the Claims Administrator, in a format reasonably acceptable to the Claims Administrator, existing transfer records for the Class Period for Tesco's ADRs.

(b) Within 14 days of entry of this Order (the "Notice Date"), Lead Counsel shall cause a copy of the Notice and the Claim Form, substantially in the forms filed with the Court as described *supra* in ¶ 5, to be mailed by first class mail to all Class Members who can be identified with reasonable effort.

(c) Within 21 days of the issuance of this Order, Lead Counsel shall (i) cause the Summary Notice to be published in the *Investor's Business Daily* and once online over the *PR Newswire*, and (ii) place a copy of the Complaint and the Stipulation (including Exhibits) on the website of Lead Counsel (at www.ksfcounsel.com) or another website maintained by Lead Counsel (at www.tescosecuritieslitigation.com).

(d) Within 14 days of the Notice Date, Lead Counsel shall cause to be served

3

on Tesco's counsel and filed with the Court proof, by affidavit or declaration, of the mailing and publishing described above in ¶¶ 6(b)-(c).

7.     Nominees who purchased or otherwise acquired ADRs or F Shares of Tesco for the benefit of Class Members between April 18, 2012 and September 22, 2014, inclusive, shall send the Notice and Claim Form to all such Class Members within ten (10) days after receipt of the Notice or send a list of the names and addresses of such beneficiaries to the Claims Administrator within ten (10) days of receipt of the Notice.

8.     All Class Members shall be bound by all determinations and judgments in the Action concerning the Settlement.

9.     Class Members who wish to participate in the Settlement shall complete and submit a Claim Form in accordance with the instructions contained therein. All Claim Forms must be postmarked no later than one hundred and twenty (120) days from the Notice Date. Any Class Member who does not timely submit a Claim Form within the time provided shall be barred from sharing in the distribution of the proceeds of the Settlement Fund. Notwithstanding the foregoing, Lead Counsel may, with Court approval, accept late-submitted claims for processing by the Claims Administrator.

10.    Any person falling within the Class may, upon making a valid and timely request, be **excluded** from the Class. Any such person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), postmarked no later than April 5, 2016. A Request for Exclusion must state that the person wishes to be excluded from the Class, be signed, and state the name, address, and telephone number of the person requesting exclusion. The Request for Exclusion must also state the date(s), price(s), and number of shares of all the person's purchases and sales of Tesco ADRs or Tesco F Shares during the Class Period. All persons who submit valid and timely requests for exclusion in the manner set forth in the Notice shall have no rights under the Stipulation, shall not share in the distribution of the Settlement Fund, and shall not be bound by the Stipulation or the Judgment.

4

11.     Any Class Member may enter an appearance in the Action, at his/her/its own expense, individually or through counsel of his/her/its own choice. If he/she/it does not enter an appearance, he/she/it will be represented hereon by Lead Counsel.

12.     Any Class Member may appear at the Fairness Hearing on April 21, 2016, at 2:00 p.m., at the United States District Court for the Southern District of New York, Courtroom 17B, 500 Pearl Street, New York, New York, 10007, and explain if he, she or it has any reason why the proposed Settlement of the Action should or should not be approved as fair, reasonable, and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, or why attorneys' fees and expenses should or should not be awarded to Lead Counsel.

13.     Any Class Member who does not make a written objection in the manner provided in the Notice and/or appear in person or through a representative at the Fairness Hearing shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the Settlement, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Lead Counsel, unless otherwise ordered by the Court. Written objections shall be made by sending a signed letter stating that the Class Member objects to the proposed Settlement, and must include in the objection the caption of the Action, the Class Member's name and the number of Tesco ADRs and/or F Shares that were purchased during the Class Period, and all reasons for the objection. All objections must be sent to counsel for Lead Plaintiff at the following address and postmarked no later than April 5, 2016:

**LEAD COUNSEL FOR LEAD PLAINTIFF:**
Lewis S. Kahn
KAHN SWICK & FOTI, LLC
206 Covington Street
Madisonville, Louisiana 70447

Lead Counsel shall forward a copy of all objections received by Lead Counsel to Counsel for Defendant Tesco.

5

14.     All funds held by the escrow agent shall be deemed and considered to be in the Court's custody, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and Plan of Allocation.

15.     All letter, briefs, and documents in support of the final approval of the Settlement, the Plan of Allocation, and any application for attorneys' fees and expenses (the "Applications") shall be filed and served no later than March 24, 2016. Any responses to any of the Applications shall be filed and served no later than April 7, 2016.

16.     At or after the Fairness Hearing, the Court will determine whether the Plan of Allocation proposed by Lead Counsel, and whether any application for attorneys' fees or reimbursement of expenses, as well as any costs and expenses of the Claims Administrator, shall be approved.

17.     Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by any released person of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind and shall not be construed as, or deemed to be evidence of, or an admission or concession that, Lead Plaintiff or any Class Members have suffered any damages, harm, or loss.

18.     The following schedule of dates shall govern resolution of this Settlement:

| Event | Deadline |
|---|---|
| Notice and the Claim Form shall be mailed by first class mail to Class Members (the "Notice Date") | Within 14 days of entry of this Order:<br><br>**January 6, 2016** |
| Summary Notice to be published in the *Investor's Business Daily* and once online over the *PR Newswire*, and Lead Counsel shall place a copy of the Complaint and the Stipulation (including Exhibits) on the website of Lead Counsel or a website maintained by Lead Counsel | Within 21 days of entry of this Order:<br><br>**January 13, 2016** |
| Lead Counsel to file affidavit of notice mailing and publication | Within 28 days of entry of this Order:<br><br>**January 20, 2016** |

6

| Deadline for filing and serving all opening briefs and supporting documents in support of Application. | Within 92 days of entry of this Order: |
| --- | --- |
| | **March 24, 2016** |
| Deadline for submitting Requests for Exclusion or any written objections | Within 104 days of entry of this Order: |
| | **Postmarked by April 5, 2016** |
| Deadline for filing any responses or oppositions to any of the Application | Within 106 days of entry of this Order: |
| | **April 7, 2016** |
| Deadline for filing reply papers, if any, in further support of the Application or in response to any objections | Within 113 days of entry of this Order: |
| | **April 14, 2016** |
| Date of Fairness Hearing | 120 days from the Entry of this Order: |
| | **April 21, 2016** |
| Deadline for Class Members' submission of Claim Forms | Within 134 days of Entry of this Order: |
| | **Postmarked by May 5, 2016** |

DATED: **12/23/15**

THE HONORABLE  RICHARD M. BERMAN
UNITED STATES DISTRICT JUDGE

7

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

)     Case: 14 Civ. 8495-RMB
)
IN RE TESCO PLC SECURITIES LITIGATION  )     **NOTICE OF PENDENCY AND**
)     **PROPOSED SETTLEMENT OF CLASS**
)     **ACTION**
)

**TO: ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED TESCO AMERICAN DEPOSITORY RECEIPTS ("ADRs") (TRADING SYMBOL TSCDY) OR TESCO F SHARES (TRADING SYMBOL TSCDF) BETWEEN APRIL 18, 2012 AND SEPTEMBER 22, 2014, INCLUSIVE, AND WHO ARE NOT EXCLUDED FROM THE SETTLEMENT CLASS AS DESCRIBED BELOW IN SECTION II. B:**

- **PLEASE READ THIS NOTICE CAREFULLY.**
- **IF YOU WISH TO COMMENT IN FAVOR OF THE SETTLEMENT OR OBJECT TO THE SETTLEMENT, YOU MUST FOLLOW THE DIRECTIONS IN THIS NOTICE.**
- **YOU MAY BE ELIGIBLE TO RECEIVE MONEY FROM THE SETTLEMENT OF THIS CASE.**
- **YOUR LEGAL RIGHTS MAY BE AFFECTED BY THIS LAWSUIT.**
- **TO RECEIVE MONEY FROM THIS SETTLEMENT, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM ("CLAIM FORM") POSTMARKED ON OR BEFORE MAY 5, 2016.**
- **IF YOU DO NOT WISH TO PARTICIPATE IN THE SETTLEMENT, YOU MAY REQUEST TO BE EXCLUDED BY SENDING A WRITTEN REQUEST FOR EXCLUSION THAT MUST BE POSTMARKED ON OR BEFORE APRIL 5, 2016.**
- **IF YOU RECEIVED THIS NOTICE ON BEHALF OF A CLASS MEMBER, AS DEFINED BELOW, WHO IS DECEASED, YOU SHOULD PROVIDE THE NOTICE TO THE AUTHORIZED LEGAL REPRESENTATIVE OF THAT CLASS MEMBER.**

YOU ARE HEREBY NOTIFIED AS FOLLOWS:

A proposed settlement (the "Settlement") has been reached between the Settling Parties, as defined below, in this class action pending in the United States District Court for the Southern District of New York (the "Court") brought on behalf of all individuals and entities described above (the "Class"). The Court has preliminarily approved the Settlement and has conditionally certified the Class for purposes of settlement only. The terms of the Settlement are set forth in a Stipulation of Settlement, which is available at www.tescosecuritieslitigation.com. You have received this Notice of Pendency and Proposed Settlement of Class Action ("the Notice") because the Settling Parties' records indicate that you may be a member of the Class. This Notice is designed to inform you of your rights, how you can submit a claim and how you can comment in favor of the Settlement or object to the Settlement. If the Settlement is finally approved by the Court, the Settlement will be binding on you, unless you exclude yourself, even if you do not submit a Claim Form to obtain money from the Settlement and even if you object to the Settlement.

1

The Settlement creates a fund in the amount of **$12,000,000** in cash (the "Settlement Fund") for the benefit of members of the Class ("Class Members") who purchased or otherwise acquired Tesco ADRs or Tesco F Shares between April 18, 2012 and September 22, 2014, inclusive (the "Class Period"). Your recovery from the Settlement Fund will be calculated according to the Plan of Allocation which is detailed below in Section II. E. Your recovery will depend on a number of variables, including the number of shares that you purchased during the Class Period and the timing of any purchases and sales that you made. **Lead Counsel estimates that the average recovery per damaged share of Tesco ADRs under the Settlement is $0.41 before deduction of fees and expenses, and the average recovery per damaged share of Tesco F Shares under the Settlement is $0.12 before deduction of fees and expenses.** If you have any questions regarding the Plan of Allocation or your potential recovery, you may contact Lead Counsel or the claims administrator, Epiq Systems, Inc. ("Claims Administrator"), whose contact information is listed below in this Notice.

There will be a fairness hearing on the Settlement ("Fairness Hearing") at **2:00 p.m. on April 21, 2016** in Courtroom 17B of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY.

## I.   BACKGROUND OF THE CASE

On or after October 23, 2014, six securities class action lawsuits were filed against Tesco PLC ("Tesco") and certain former officers and/or directors of Tesco. These cases were consolidated into a single proceeding on March 19, 2015, and captioned *In re Tesco PLC Securities Litigation*, under the case number 14-CV-08495-RMB (the "Action"). On March 19, 2015, the Court also appointed Mr. Stephen Klug as lead plaintiff ("Lead Plaintiff") and approved Lead Plaintiff's selection of Kahn Swick & Foti, LLC as lead counsel ("Lead Counsel") in the Action.

On June 18, 2015, Lead Plaintiff filed the Second Amended Complaint (the "Complaint") against Defendants Philip Clarke, Laurie McIlwee, Richard Broadbent (collectively, the "Individual Defendants"), and Tesco (collectively with the Individual Defendants, "Defendants").

Tesco is a multinational grocery and general merchandise retailer formed under the laws of the United Kingdom and headquartered in England. In the Complaint, Lead Plaintiff alleged that Defendants violated Section 10(b) of the Securities Exchange Act of 1934, and Rule 10b-5 promulgated thereunder, by making materially false and misleading statements and omissions regarding, among other things, Tesco's improper accounting and supplier practices, and its true financial condition. Lead Plaintiff further alleged that the prices of Tesco's ADRs and F Shares were artificially inflated because of the failure to disclose this material information.

Defendants have denied and continue to deny Lead Plaintiff's allegations. Defendants moved to dismiss the Complaint, denying all claims and contentions alleged by Lead Plaintiff in this Action, and maintaining that Lead Plaintiff did not adequately allege any valid claim under the federal securities laws. The Court has not ruled on Defendants' motion to dismiss.

Mr. Klug and Tesco (the "Settling Parties") and their respective counsel have determined that settlement of the Action is advantageous, considering the risks and uncertainties to each side of continued litigation. Lead Plaintiff and Lead Counsel have determined that the Settlement is fair, reasonable, and adequate and is in the best interests of the members of the Class.

Excluded from the Class are all persons and/or entities who brought claims in the litigation captioned: *Western & Southern Life Insurance Co., et al. v. Tesco PLC*, No. 15-cv-658-SSB-SKB, currently pending in the United States District Court for the Southern District of Ohio (the "Ohio Litigation"). The Ohio Litigation arises out of the same set of facts as this Action, but is not a class action, but rather an individual action against Tesco for violations of federal securities laws and Ohio state laws. Plaintiffs in the Ohio Litigation are The Western and Southern Life Insurance Company, Western & Southern Financial Group, Inc., Integrity Life Insurance Company, and Touchstone Strategic Trust. The Ohio Litigation is ongoing and there is currently a motion to transfer the Ohio Litigation to the United States District Court for the Southern District of New York.

## II.    TERMS OF THE SETTLEMENT

The Stipulation of Settlement sets forth the terms of the Settlement, and provides for the following:

### A.  What is the total size of the Settlement?

Tesco will pay (or cause to be paid) into an escrow account, pursuant to the Stipulation of Settlement dated November 19, 2015, cash in the amount of $12,000,000.00 which will earn interest for the benefit of the Class.

### B.  Am I included in the Settlement?

You are a member of the Class and are included in the Settlement if (i) you purchased or otherwise acquired Tesco ADRs or Tesco F Shares between April 18, 2012 and September 22, 2014, inclusive, and (ii) you are NOT in one of the following groups, each of which is excluded from the Class:

   a. Defendants; any officers or directors of Tesco during or after the Class Period; any corporation, trust or other entity in which any Defendant has a controlling interest; and the members of the immediate families of Philip Clarke, Laurie McIlwee, and Richard Broadbent and their successors, heirs, assigns, and legal representatives.

   b. All persons who would be otherwise a member of the Class, but who timely and validly request to be excluded from the Class. If you want to be excluded from the Class, you may request exclusion from the Class by following the steps described in Section II. F below.

   c. All persons and/or entities who have brought claims in the litigation captioned: *Western & Southern Life Insurance Co., et al. v. Tesco PLC*, No. 15-cv-658-SSB-SKB, pending in the United States District Court for the Southern District of Ohio.

### C.  What is the legal effect of the Settlement on my rights?

If you are a member of the Class, this Settlement will affect your legal rights. If the Court grants final approval of the Settlement, this Action will be dismissed with prejudice and all Class Members will fully release and discharge Defendants and other Released Persons, as defined below, from all claims for

relief arising out of or based on Lead Plaintiff's allegations. When a person "releases" a claim, that person cannot sue the "released persons" for any of the claims covered by the release.

To share in the Settlement Fund, you must submit a Claim Form. If you submit a valid and timely Claim Form, you will receive a payment based upon the distribution formula described below in Section II. E.

The "Released Persons" are comprised of each and all of the Defendants; (ii) each and all of Tesco's past or present predecessors, successors, parent entities, affiliates, and subsidiaries, and, in the case of Tesco's respective predecessors, successors, parent entities, affiliates, and subsidiaries, each of Tesco's past or present directors, officers, employees, partners, insurers, co-insurers, reinsurers, agents, controlling shareholders, attorneys, accountants, auditors, advisors, investment advisors, personal or legal representatives, predecessors, successors, parent entities, subsidiaries, divisions, joint ventures, assigns, spouses, heirs, related or affiliated entities, and any person, firm, trust, corporation, partnership, limited liability company, officer, director, or other individual or entity in which Tesco or its past or present predecessors, successors, parent entities, affiliates and subsidiaries has or had a controlling interest or which has or had a controlling interest in Tesco or its past or present predecessors, successors, parent entities, affiliates and subsidiaries, and (iii) the Individual Defendants' families, and any trust of which an Individual Defendant is the settlor or which is for the benefit of an Individual Defendant's family, and the legal representatives, heirs, successors or assigns of each of the foregoing.

**If you do nothing, you will get no money from this Settlement and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against the Defendants and the other Released Persons about the released claims in this case, ever again.**

### D. How can I get a payment?

To qualify for a payment, you must submit a Claim Form. A Claim Form is included with this Notice. You may also get a Claim Form by downloading it from www.tescosecuritieslitigation.com. Read the instructions carefully, fill out the Claim Form, include all the documents the form asks for, sign it, and mail it postmarked no later than May 5, 2016 to the address provided therein.

### E. Plan of Allocation: What will I receive from the Settlement?

A Class Member's actual recovery will be a proportion of the Net Settlement Fund (defined below), determined by that claimant's recognized loss (*i.e.*, a claim proved by timely submission of a valid Claim Form) as compared to the total recognized losses of all Class Members.

The total Settlement Fund consists of $12,000,000 plus accrued interest. Subject to the Court's approval, the Settlement Fund consists of: (i) certain administrative expenses, including costs of printing and mailing this Notice, the cost of issuing a press release, payment of any taxes assessed against the Settlement Fund, and costs associated with the processing of claims; these administrative expenses are estimated to be no greater than $227,500.00; (ii) up to 30% of the Settlement Fund to Lead Counsel for their attorneys' fees and up to $200,000.00 for reimbursement for Lead Counsel's expenses; and (iii) the remaining balance, or the "Net Settlement Fund", which will be distributed to Class Members who submit valid a timely Claim Forms. The Net Settlement Fund is estimated by Lead Counsel to be at least

4

$7,972,500.

If you are a Class Member, you will receive a share of the Net Settlement Fund unless you request exclusion from the Class or fail to submit a valid and timely Claim Form. Although we cannot determine an exact amount of individual payments at this time, your payment will be based on the formula described below.

(1)     A recognized loss amount will be calculated for each Tesco ADR or Tesco F Share purchased or acquired during the Class Period from April 18, 2012 (inclusive) through September 22, 2014 (prior the opening of the market). If the calculation of a recognized loss amount for any particular share purchased or acquired during the Class Period results in a negative number, that number shall be set to zero.

(2)     For each Tesco ADR purchased or acquired during the Class Period, and

   i.     sold before the market opened on September 22, 2014, the recognized loss amount for each share shall be zero;

   ii.    sold after the market opened for trading on September 22, 2014, through the close of market trading on December 19, 2014, the recognized loss amount for each share is the least of (a) $1.52; (b) the purchase/acquisition price minus the sale price; or (c) the purchase/acquisition price minus the average closing price of Tesco ADRs between September 22, 2014, and the date of sale;

   iii.   held as of the close of market trading on December 19, 2014, the recognized loss amount for each share is the lesser of (a) $1.52; or (b) the purchase/acquisition price minus $8.68, the average closing price of Tesco ADRs between September 22, 2014, and December 19, 2014.

(3)     For each Tesco F Share purchased or acquired during the Class Period, and

   i.     sold before the market opened on September 22, 2014, the recognized loss amount for each share shall be zero;

   ii.    sold after the market opened for trading on September 22, 2014, through the close of market trading on December 19, 2014, the recognized loss amount for each share is the least of (a) $0.44; (b) the purchase/acquisition price minus the sale price; or (c) the purchase/acquisition price minus the average closing price of Tesco F Shares between September 22, 2014, and the date of sale;

   iii.   held as of the close of market trading on December 19, 2014, the recognized loss amount for each share is the lesser of (i) $0.44; or (ii) the purchase/acquisition price minus $2.91, the average closing price of Tesco F Shares between September 22, 2014, and December 19, 2014.

If you have more than one purchase/acquisition or sale of either Tesco ADRs or Tesco F Shares during the Class Period, all purchases/acquisitions and sales of like securities will be matched on a First In, First Out ("FIFO") basis. Class Period sales will be matched first against any holdings at the beginning of the Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

If the Net Settlement Fund exceeds the sum total amount of the recognized claims of all authorized claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund shall be distributed pro rata to all authorized claimants entitled to receive payment. The Net Settlement Fund will be allocated among all authorized claimants whose prorated payment is $10.00 or greater. If the prorated payment to any authorized claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that authorized claimant.

## F. Can I decide to opt out of this Settlement?

Yes. If you do not want a payment from this Settlement, but you want to keep any right you may have to sue or continue to sue the Defendants and the other Released Persons in some other lawsuit as to the released claims in this lawsuit, then you may request to be excluded from the Class by taking the following steps to remove yourself from this lawsuit. To exclude yourself from the Class, you must send a signed letter by mail stating that you "request exclusion from the Class in *In re Tesco PLC Securities Litigation*, Civil Action No. 14-CV-8495(RMB)." Your letter should state the date(s), price(s), and number of shares of all your purchases and sales of Tesco ADRs or Tesco F Shares during the Class Period. In addition, be sure to include your name, address, telephone number, and signature. You must mail your exclusion request postmarked no later than **April 5, 2016** to:

> Tesco PLC Securities Litigation
> c/o Epiq Systems, Inc.
> P.O. Box 4390
> Portland, OR 97208-4390

NO REQUEST FOR EXCLUSION WILL BE CONSIDERED VALID UNLESS ALL OF THE INFORMATION DESCRIBED ABOVE IS INCLUDED IN ANY SUCH REQUEST.

If you timely and validly request exclusion from the Class, (a) you will be excluded from the Class, (b) you will not share in the proceeds of the Settlement described above, (c) you will not be bound by any judgment entered in the case, and (d) you will not be precluded from otherwise prosecuting an individual claim, if timely, against Defendants or the Released Persons based on the matters alleged in this Action.

## G. Notification of Shareholders and Legal Representatives

If your address is different from the address to which this Notice was directed, or if it changes, you must notify the Claims Administrator for this Settlement of your new address as soon as possible. The appointed Claims Administrator for this Settlement is Epiq Systems, Inc. Any failure to keep the Claims Administrator informed of your current address may result in the loss of any monetary award you may be eligible to receive. If necessary, please send your new contact information to the address listed below and

6

include your old address, new address, new telephone number, date of birth, and Social Security number. These last two items are required so that the Claims Administrator can verify that the address change is from the actual Class Member:

> Tesco PLC Securities Litigation
> c/o Epiq Systems, Inc.
> P.O. Box 4390
> Portland, OR 97208-4390

The authorized legal representative of a Class Member may receive a recovery on behalf of the Class Member.

### SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If you purchased ADRs or F Shares of Tesco from April 18, 2012 to September 22, 2014, inclusive, for the beneficial interest of a person or organization other than yourself, the Court has directed that WITHIN TEN DAYS OF YOUR RECEIPT OF THIS NOTICE, you either (a) provide to the Claims Administrator the name and last known address of each person or organization for whom or which you purchased Tesco ADRs or Tesco F Shares during such time period or (b) request additional copies of this Notice and the Claim Form, which will be provided to you free of charge, and within ten days mail the Notice and Claim Form directly to the beneficial owners of that Tesco ADR or F Share. If you choose to follow alternative procedure (b), you are requested to send a statement to the Claims Administrator confirming that the mailing was made as directed. You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of beneficial owners. Those expenses will be paid upon request and submission of appropriate supporting documentation. All communications concerning the foregoing should be addressed to the Claims Administrator:

> Tesco PLC Securities Litigation
> c/o Epiq Systems, Inc.
> P.O. Box 4390
> Portland, OR 97208-4390

If you choose to mail the Notice and Claim Form yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.

Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for or advancement of reasonable administrative costs actually incurred or expected to be incurred in connection with forwarding the Notice and Claim Form and which would not have been incurred but for the obligation to forward the Notice and Claim Form, upon submission of appropriate documentation to the Claims Administrator.

### H. Compensation for the Lead Plaintiff

Stephen Klug, the court-appointed Lead Plaintiff, has not applied to the Court for any compensation that is different from that which is to be received by all other Class Members.

## I.  Compensation for Lead Counsel

At the Fairness Hearing, Lead Counsel will request the Court to award attorneys' fees not greater than thirty (30%) of the gross Settlement Fund and reimbursement of expenses incurred in connection with the prosecution of this action not to exceed $200,000. The requested fees and expenses, plus the expenses of the Claims Administrator for the notice and administration of the Settlement which shall be no greater than $227,500, would amount to an average of not more than $0.15 per damaged share in total for fees and expenses for Tesco ADRs and an average of not more than $0.04 per damaged share in total for fees and expenses for Tesco F Shares. Class Members are not personally liable for any such fees, expenses, or compensation.

To date, Lead Counsel has not received any payment for its services in conducting this Action, and has not been reimbursed for their substantial expenses incurred in prosecuting this Action. The fee requested by Lead Counsel will compensate counsel for their efforts in achieving the Settlement Fund for the benefit of the Class, and for the risk in undertaking this representation on a wholly contingent basis.

## III.  LEAD PLAINTIFF'S AND LEAD COUNSEL'S SUPPORT OF THE SETTLEMENT

On October 20, 2015, the Settling Parties underwent a mediation session before a neutral mediator, former Judge Layn R. Philips, as well as extensive informal settlement negotiations to arrive at a compromise. Following the extensive arms-length negotiations, the Settling Parties reached an agreement in principle for the settlement of the Action.

For Lead Plaintiff, the principal reason for the Settlement is the benefit to be provided to the Class now. This benefit must be compared to the risk that no recovery might be achieved if the Court were to rule in favor of Defendants on their pending motion to dismiss the Complaint or after a contested trial and likely appeals, possibly years into the future. Lead Plaintiff further considered, after conducting a substantial investigation into the facts of this case, the risks to proving liability and damages.

This Settlement enables the Class to recover a significant percentage of the alleged damages as calculated by Lead Counsel in conjunction with their economic consultant, without incurring any additional risk. Therefore, upon careful consideration of all of the facts and circumstances of this case, Lead Plaintiff and Lead Counsel believe this settlement is fair, reasonable and adequate.

## IV.  OPPORTUNITIES TO GIVE YOUR OPINION ABOUT THE SETTLEMENT

If you are a Class Member, you can tell the Court that you agree or do not agree with the Settlement or some part of it. You can object to the Settlement or any of its terms, the proposed Plan of Allocation, and/or the application by Lead Counsel for an award of fees and expenses.

If you wish to submit a written objection to the settlement, you must send a signed letter stating that you object to the proposed settlement in *In re Tesco PLC Securities Litigation*, Civil Action No. 14-CV-8495(RMB). Your objection must include a cover page identifying this case name and number and

8

naming the hearing date of **April 21, 2016, at 2:00 p.m** at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl St., Courtroom 17B, New York, New York 10007. Be sure to include your name, address, telephone number, and signature; identify the date(s), price(s), and number of shares of all purchases and sales of Tesco ADRs and/or Tesco F Shares you made during the Class Period, and state the reasons why you object to the settlement. Your objection must be postmarked on or before **April 5, 2016** and sent to the Kahn Swick & Foti, LLC, on behalf of the Lead Plaintiff, at the following address:

**FOR LEAD PLAINTIFF:**

Lewis S. Kahn
KAHN SWICK & FOTI, LLC
206 Covington Street
Madisonville, Louisiana 70447

You do not need to go to the Fairness Hearing to have your written objection considered by the Court.

At the Fairness Hearing, any Class Member who has not previously submitted a request for exclusion from the Class may appear and be heard, to the extent allowed by the Court, to state any objection to the settlement, the Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement of expenses. Any such objector may appear in person or arrange, at that objector's expense, for a lawyer to represent the objector at the Fairness Hearing. If you or your representative intend to appear in person but have not submitted a written objection postmarked by **April 5, 2016**, it is recommended that you give advance notice to Lead Counsel for the Class of your intention to attend the hearing in order to object and the basis for your objection. You may contact them at the addresses provided above.

## V.  FAIRNESS HEARING

The Court will hold a Fairness Hearing at **2:00 p.m. on April 21, 2016**, at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl St., Courtroom 17B, New York, NY 10007. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. At the Fairness Hearing, the Court also will consider the proposed Plan of Allocation for the proceeds of the Settlement and the application of Lead Counsel for attorneys' fees and reimbursement of expenses. The Court will take into consideration any written objections. You are not obligated to attend this hearing.

You should be aware that the Court may change the date and time of the Fairness Hearing. Thus, if you would like to come to the hearing, you should contact Lead Counsel before coming to confirm the date and/or time has not changed.

## VI.  ADDITIONAL INFORMATION

This Notice summarizes the proposed settlement. More details are contained in a Stipulation of Settlement with Defendant Tesco dated November 19, 2015 (the "Stipulation"). You can get a copy of the Stipulation by writing to Lead Counsel at their address above.

9

You also can call the Claims Administrator toll-free at 1 (888) 643-2168; write to the Claims Administrator at Tesco PLC Securities Litigation, c/o Epiq Systems, Inc., P.O. Box 4390, Portland, OR 97208-4390; or visit the website at www.tescosecuritieslitigation.com, where you will find a Claim Form, answers to common questions about the Settlement, and other information to help you determine whether you are a Class Member and whether you are eligible for a payment.

For more detailed information concerning the matters involved in this Action, you can inspect the pleadings, the Stipulation, the Orders entered by the Court, and the other papers filed in the Action at the office of the Clerk of Daniel Patrick Moynihan United States Courthouse, 500 Pearl St., New York, NY 10007, during regular business hours. You may also contact Lead Counsel.

DATED: _____

# EXHIBIT B

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

)
IN RE TESCO PLC SECURITIES LITIGATION )
)
)
_____ )

Case: 14 Civ. 8495-RMB

**PROOF OF CLAIM**

**Deadline for Submission:** _____

If you purchased or otherwise acquired Tesco American Depository Receipts ("ADRs") (trading symbol TSCDY) or Tesco F-Shares (trading symbol TSCDF) between April 18, 2012 and September 22, 2014, inclusive, you could get a payment from a class action settlement.

IF YOU ARE A CLASS MEMBER, YOU MUST COMPLETE AND SUBMIT THIS FORM IN ORDER TO BE ELIGIBLE FOR ANY SETTLEMENT BENEFITS.

YOU MUST COMPLETE AND SIGN THIS PROOF OF CLAIM AND RELEASE ("PROOF OF CLAIM") AND MAIL IT BY FIRST CLASS MAIL, POSTMARKED NO LATER THAN _____ TO THE FOLLOWING ADDRESS:

In re Tesco PLC Securities Litigation
c/o Epiq Systems, Inc.
P.O. Box 4390
Portland, OR 97208-4390

YOUR FAILURE TO SUBMIT YOUR CLAIM BY _____, 2016, WILL SUBJECT YOUR CLAIM TO REJECTION AND PRECLUDE YOUR RECEIVING ANY MONEY IN CONNECTION WITH THE SETTLEMENT OF THIS ACTION. DO NOT MAIL OR DELIVER YOUR CLAIM TO THE COURT OR TO ANY OF THE PARTIES OR THEIR COUNSEL AS ANY SUCH CLAIM WILL BE DEEMED NOT TO HAVE BEEN SUBMITTED. SUBMIT YOUR CLAIM ONLY TO THE CLAIMS ADMINISTRATOR.

## CLAIMANT'S STATEMENT

1. I (we) purchased Tesco ADRs or F-Shares and was (were) damaged thereby. (Do not submit this Proof of Claim if you did not purchase Tesco ADRs or F-Shares during the designated Class Period).

2. By submitting this Proof of Claim, I (we) state that I (we) believe in good faith that I am (we are) a Class Member as defined above and in the Notice of Pendency of Class Action and Proposed Settlement with all Defendants, Motion for Attorneys' Fees and Settlement Fairness Hearing (the "Notice"), or am (are) acting for such person(s); that I am (we are) not a Defendant in the Actions or anyone excluded from the Class; that I (we) have read and understand the Notice; that I (we) believe that I am (we are) entitled to receive a share of the Net Settlement Fund, as defined in the Notice; that I (we) elect to participate in the proposed Settlement described in the Notice; and that I (we) have not filed a request for exclusion. (If you are acting in a representative capacity on behalf of a Class Member [e.g., as an executor, administrator, trustee, or other representative], you must submit evidence of your current authority to act on behalf of that Class Member. Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.)

3. I (we) consent to the jurisdiction of the Court with respect to all questions concerning the validity of this Proof of Claim. I (we) understand and agree that my (our) claim may be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to my (our) status as a Class Member(s) and the validity and amount of my (our) claim. No discovery shall be allowed on the merits of the Litigation or Settlement in connection with processing of the Proof of Claim.

4. I (we) have set forth where requested below all relevant information with respect to each purchase of Tesco ADRs or F-Shares during the Class Period, and each sale, if any. I (we) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.

5. I (we) have enclosed photocopies of the stockbroker's confirmation slips, stockbroker's statements, or other documents evidencing each purchase, sale or retention of Tesco ADRs or F-Shares listed below in support of our claim. (IF ANY SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN A COPY OR EQUIVALENT DOCUMENTS FROM YOUR BROKER BECAUSE THESE DOCUMENTS ARE NECESSARY TO PROVE AND PROCESS YOUR CLAIM.)

6. I (we) understand that the information contained in this Proof of Claim is subject to such verification as the Claims Administrator may request or as the Court may direct, and I (we) agree to cooperate in any such verification. (The information requested herein is designed to provide the minimum amount of information necessary to process most simple claims. The Claims Administrator may request additional information as required to efficiently and reliably calculate your recognized claim. In some cases, the Claims Administrator may condition acceptance of the claim based upon the production of additional information, including, where applicable, information concerning transactions in any derivatives securities such as options.)

7. Upon the occurrence of the Effective Date, as defined in the Notice, I (we) agree and acknowledge that my (our) signature(s) hereto shall effect and constitute a full and complete release, remise and discharge by me (us) and my (our) heirs, joint tenants, tenants in common, beneficiaries, executors, administrators, predecessors, successors, attorneys, insurers and assigns (or, if I am (we are) submitting this Proof of Claim on behalf of a corporation, a partnership, estate or one or more other persons, by it, him, her or them, and by its, his, her or their heirs, executors, administrators, predecessors, successors, and assigns) of each of the "Released Persons", as defined in the Notice.

8. NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. All Claimants MUST submit a manually signed paper Proof of Claim form listing all their transactions whether or not they also submit electronic copies. If you wish to file your claim electronically, you must contact the Claims Administrator at 1 (888) 643-2168 or visit their website at www.tescosecuritieslitigation.com to obtain the required file layout. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

## PART I - CLAIMANT INFORMATION

| Beneficial Owner's First Name | MI | Beneficial Owner's Last Name |
|---|---|---|

| Co-Beneficial Owner's First Name | MI | Co-Beneficial Owner's Last Name |
|---|---|---|

Entity Name (if claimant is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address 1:

Address 2:

| City | State | ZIP |
|---|---|---|

| Foreign Province | Foreign Country |
|---|---|

| Day Phone | Evening Phone |
|---|---|

Email Address

Account Number:

Specify one of the following:

☐ Individual(s) ☐ Corporation    ☐ UGMA Custodian  ☐ IRA ☐ Partnership       ☐ Estate
☐ Trust

☐ Other [                                                              ]

Enter Taxpayer Identification Number below for the Beneficial Owner(s).
Social Security No. (for individuals)           or    Taxpayer Identification No.
                                                      (for estates, trusts, corporations, etc.)

[                                        ]        [                                        ]

## PART II - TRANSACTIONS IN TESCO ADRs

**Beginning Holdings:**

A. State the total number of shares of TESCO ADRs owned at the close of trading on April 18, 2012, long or short (*must be documented*).

**Purchases:**

B. Separately list each and every purchase of TESCO ADRs during the period from April 18, 2012 and December 14, 2014, inclusive, and provide the following information (*must be documented*):

| Trade Date (List Chronologically) (Month/Day/Year) | Number of ADRs Purchased | Price | Total Cost (Excluding Commissions, Taxes, and Fees) | Transaction Type (P/R)* |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

*P – Purchase, R – Received (Transfer-In)

**Sales:**

C. Separately list each and every sale of TESCO ADRs during the period April 18, 2012 and December 14, 2014, inclusive, and provide the following information (*must be documented*):

| Trade Date (List Chronologically) (Month/Day/Year) | Number of ADRs Sold | Price | Amount Received (Excluding Commissions, Taxes, and Fees) | Transaction Type (S/D)* |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

*S – Sale, D – Delivery (Transfer-Out)

**Ending Holdings:**

D. State the total number of TESCO ADRs owned at the close of trading on December 14, 2014, long or short (*must be documented*).

**If additional space is needed, attach separate, numbered sheets, giving all required information, substantially in the same format, and print your name and Social Security or Taxpayer Identification number at the top of each sheet.**

## PART III - TRANSACTIONS IN TESCO F-SHARES

**Beginning Holdings:**

A. State the total number of shares of TESCO F-Shares owned at the close of trading on April 18, 2012, long or short (*must be documented*).

**Purchases:**

B. Separately list each and every purchase of TESCO F-Shares during the period from April 18, 2012 and December 14, 2014, inclusive, and provide the following information (*must be documented*):

| Trade Date (List Chronologically) (Month/Day/Year) | Number of F-Shares Purchased | Price | Total Cost (Excluding Commissions, Taxes, and Fees) | Transaction Type (P/R)* |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

*P – Purchase, R – Received (Transfer-In)

**Sales:**

C. Separately list each and every sale of TESCO F-Shares during the period April 18, 2012 and December 14, 2014, inclusive, and provide the following information (*must be documented*):

| Trade Date (List Chronologically) (Month/Day/Year) | Number of F-Shares Sold | Price | Amount Received (Excluding Commissions, Taxes, and Fees) | Transaction Type (S/D)* |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

*S – Sale, D – Delivery (Transfer-Out)

**Ending Holdings:**

D. State the total number of TESCO F-Shares owned at the close of trading on December 14, 2014, long or short (*must be documented*).

**If additional space is needed, attach separate, numbered sheets, giving all required information, substantially in the same format, and print your name and Social Security or Taxpayer Identification number at the top of each sheet.**

## Certification

I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(c) of the Internal Revenue Code because: (a) I am (We are) exempt from backup withholding, or (b) I (We) have not been notified by the I.R.S. that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the I.R.S. has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE: If you have been notified by the I.R.S. that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION I (WE) PROVIDED ON THIS PROOF OF CLAIM AND RELEASE FORM IS TRUE, CORRECT AND COMPLETE.

Signature of Claimant (If this claim is being made on behalf of Joint Claimants, then each must sign)

_____
(Signature)

_____
(Signature)

_____
(Capacity of person(s) signing, e.g. beneficial purchaser(s), executor, administrator, trustee, etc.)
(See Item 2 on Page ___ for instructions)

Date: _____

**THIS PROOF OF CLAIM MUST BE SUBMITTED NO LATER THAN _____, 2016, AND MUST BE MAILED TO:**

**In re Tesco PLC Securities Litigation**
**c/o Epiq Systems, Inc.**
**P.O. Box 4390**
**Portland, OR 97208-4390**

A Proof of Claim received by the Claims Administrator shall be deemed to have been submitted when posted, if mailed by _____, 2016, and if a postmark is indicated on the envelope and it is mailed first class and addressed in accordance with the above instructions. In all other cases, a Proof of Claim shall be deemed to have been submitted when actually received by the Claims Administrator.

### REMINDER CHECKLIST

o  Please be sure to sign this Proof of Claim.  If this Proof of Claim is submitted on behalf of joint claimants, then both claimants must sign.

o  Please remember to attach supporting documents. Do NOT send any stock certificates. Keep copies of everything you submit.

o  Do NOT use highlighter on the Proof of Claim or any supporting documents.

o  If you move after submitting this Proof of Claim, please notify the Claims Administrator of the change in your address.

# EXHIBIT C

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| IN RE TESCO PLC SECURITIES LITIGATION | ) Case: 14 Civ. 8495-RMB |
|  | ) |
|  | ) **SUMMARY NOTICE** |

TO:  ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED TESCO AMERICAN DEPOSITORY RECEIPTS OR TESCO F SHARES BETWEEN APRIL 18, 2012 AND SEPTEMBER 22, 2014, INCLUSIVE (THE "CLASS PERIOD"):

YOU ARE HEREBY NOTIFIED that a hearing will be held on **April 21, 2016**, at 2:00 p.m, before the Honorable Richard M. Berman at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl St., Courtroom 17B, New York, New York 10007, for the purpose of determining: (1) whether the proposed settlement for the sum of $12,000,000 in cash (the "Settlement Fund") should be approved by the Court as fair, reasonable and adequate; (2) whether, after the hearing, this above-captioned action (the "Action") should be dismissed with prejudice pursuant to the terms and conditions set forth in the Stipulation of Settlement dated as of November 19, 2015; (3) whether the plan of allocation is fair, reasonable and adequate and should be approved; and (4) whether the application of lead counsel for the payment of attorneys' fees and reimbursement of expenses incurred in this Action should be approved. Lead counsel will request attorneys' fees in the amount of no greater than 30% of the Settlement Fund plus expenses not to exceed $200,000. It is estimated that the costs for notice and administration of the settlement will not exceed $227,500, and those costs are also subject to Court approval.

If you purchased or otherwise acquired Tesco American Depository Receipts or Tesco F Shares between April 18, 2012 and September 22, 2014, inclusive, (the "Class Period") your rights may be affected by the settlement of this Action. If you have not received a detailed Notice of Pendency and Proposed Settlement of Class Action ("Notice") and a copy of the proof of claim and release form ("Claim Form"), you may obtain copies by writing to Tesco PLC Securities Litigation, c/o Epiq Systems, Inc., P.O. Box 4390, Portland, Oregon 97208-4390, or by visiting the website at www.tescosecuritieslitigation.com. The Notice contains details about this Action and settlement, including what you must do to exclude yourself from the settlement, object to the terms of the settlement, or file a Claim Form. If you are a class member, in order to share in the distribution of the Settlement Fund, you must submit a Claim Form postmarked no later than **May 5, 2016**, establishing that you are entitled to recovery. You are excluded from the class if (i) you were an officer or director of Tesco during the Class Period, (ii) you are an entity in which any defendant has a controlling interest; (iii) you are an immediate family member of any defendant; or (iv) you are an entity that brought claims in the litigation captioned *Western & Southern Life Insurance Co., et al. v. Tesco PLC*, No. 15-cv-658-SSB-SKB, pending in the United States District Court for the Southern District of Ohio.

If you desire to be excluded from the class, you must submit a request for exclusion postmarked by **April 5, 2016**, in the manner and form explained in the detailed Notice referred to above. All members of the class who have not timely and validly requested exclusion from the class will be bound by any judgment entered in the Action pursuant to the terms and conditions of the Stipulation of Settlement. Any objection(s) must be mailed on or before **April 5, 2016** to Kahn Swick & Foti, LLC, lead counsel for lead plaintiff and the class at the following address: Lewis S. Kahn, KAHN SWICK & FOTI, LLC, 206 Covington Street, Madisonville, Louisiana 70447.

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.** If you have any questions about the settlement, you may contact lead counsel for lead plaintiff and the class at the address listed above.

DATED: _____