**MEMO ENDORSED**

p 3

May 5, 2016

HONORABLE RICHARD M. BERMAN
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
DANIEL PATRICK MOYNIHAN COURTHOUSE
500 PEARL STREET, COURTROOM 17B
NEW YORK, NY 10007

Re:   In Re Tesco PLC Securities Litigation, Case No. 14-8495 RMB

Dear Judge Berman:

Enclosed please find a copy of Lead Plaintiff's Motion Pursuant to Rule 11(b)(3) For Sanctions Against Kahn Swick & Foti, LLC(the "Motion"). The Motion was served on Kahn Swick & Foti, LLC("Counsel"), on April 25, 2016. Instead of using the 21 days provided by the Rule to correct the false statement Counsel made in its Memorandum of Law in Support of Lead Plaintiff's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses(the "Memorandum"), or simply letting the 21 day period expire and opposing the Motion, Counsel sent me the letter dated May 3, 2016(the "Letter") attached hereto as Exhibit A.

In its Letter, Counsel urges me not to send you the Motion and suggests there might be "possible consequences" if I file the Motion. I am sending you the Motion because I believe, after reviewing the Letter, that Counsel made a false statement in its Memorandum and should be held accountable under Rule 11. In its Memorandum, Counsel stated that "to date, not a single objection has been filed challenging.....Lead Counsel's fee and reimbursement request of up to 30%". Counsel claims this was not a false statement despite the fact that

they concede receiving my e-mail of January 6, 2016 which advised them that I would oppose a fee of 30% and that they acted on that e-mail by reducing the fee request from 30% to 20%. Despite these concessions, they claim that I never filed a "written objection" to the fee request. Their argument seems to defy logic and common sense. Why didn't Counsel simply advise the Court that they were reducing their fee request because the Lead Plaintiff objected to the 30% fee? I am sending you the Motion prior to the expiration of the 21 day period since Counsel has stated that they will not be correcting the false statement and in an e-mail communication to me stated they have "no problem with your not waiting 21 days".

In my remarks to the Court on April 21, 2016, I set forth the factual basis for my belief that Counsel's representation of the class did not warrant a $2.4million fee. My remarks should have come as no surprise to Counsel since I had communicated them on numerous prior occasions. I stand by those remarks and hope the Court will consider them when reviewing the fee request. For the record, in my remarks I stated that "the Tesco case was a very strong one for Plaintiffs" and that Counsel communicated to me that they shared this view. I believe if you check the hearing transcript, you will see that it was Mr. Conway who used the term "slam dunk" to mischaracterize my remarks. Counsel has echoed this mischaracterization in its Letter in an attempt to make my position appear to be extreme.

Finally, while I understand that Rule 11 provides for sanctions including the recovery of fees and other expenses incurred as a result of the violation, I am not asking for any reimbursement. If the Court should decide to levy a monetary penalty, I would like it to accrue to the benefit of the class.

Very truly yours,

*Stephen G. Klug*

Stephen G. Klug

Copy to:

Kim E. Miller

250 Park Avenue, Suite 2040

New York, NY 10177

Fax: (504) 455-1498

---

Lead Counsel to respond by 5/18/16.

Clerk to docket the attached motion.

SO ORDERED:
Date: 5/11/16

Richard M. Berman, U.S.D.J.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

IN RE TESCO PLC SECURITIES LITIGATION
Case: 14 Civ. 8495-RMB
HON. RICHARD M. BERMAN

Class action

## LEAD PLAINTIFF'S MOTION PURSUANT TO RULE 11(b)(3) FOR SANCTIONS AGAINST KAHN SWICK & FOTY, LLC

Lead Plaintiff Stephen G. Klug ("Plaintiff") hereby moves the Court for sanctions against Kahn Swick & Foti, LLC("Counsel") for violation of Civil Rule of Procedure 11(b)(3).

Rule 11(b)(3) provides that any "pleading, written motion, or other paper" presented to the Court includes the certification by the attorney that the "allegations and other factual contentions have evidentiary support". If the Rule is violated, the Court may levy sanctions pursuant to 11(c).

On March 24, 2016, Counsel filed its Memorandum of Law in Support of Lead Plaintiff's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses(the "Memorandum") with the Court. On page 23 of the Memorandum, Counsel stated that "To date, not a single objection has been filed challenging either the Settlement or Lead Counsel's fee and reimbursement request of up to 30% of the Net Settlement Fund."  This statement was false and was known to be false by Counsel at the time it was made. Not only had an objection to the reimbursement request of up to 30% of the Net Settlement Fund been filed, it had been filed by Plaintiff and was the basis for Counsel's decision to lower its request from 30% to 20% of the Net Settlement

Fund.(see attached Exhibit 1 exchange of e-mails between Plaintiff and Counsel.)

Counsel's motive for making this false statement was simple. Counsel believed its application for fees was more likely to be approved if the Court was unaware of Plaintiff's objection. Had Counsel told the truth, they might have been exposed to uncomfortable questioning by the court regarding its relationship with Plaintiff.

Regardless of the motive, Counsel should be sanctioned for its violation of the Rule.

Dated: April 25, 2016

*Stephen G. Klug*
Stephen G. Klug
1308 Seaspray Lane
Sanibel, Florida, 33957
Telephone: (216) 409-7842
S1klug@aol.com