**KAHN SWICK & FOTI, LLC**
KIM E. MILLER (KM-6996)
BRUCE W. DONA (BD-3730)
250 Park Avenue, Suite 2040
New York, NY 10177
Telephone: (212) 696-3730
Fax: (504) 455-1498

-and-

LEWIS S. KAHN
J. RYAN LOPATKA
206 Covington Street
Madisonville, LA 70447
Telephone: (504) 455-1400
Fax: (504) 455-1498

*Lead Counsel for the Class*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE TESCO PLC SECURITIES LITIGATION | Case: 14 Civ. 8495-RMB <br><br> HON. RICHARD M. BERMAN <br><br> <u>Class Action</u> |

**<u>MEMORANDUM OF LAW IN OPPOSITION TO LEAD PLAINTIFF'S
MOTION FOR SANCTIONS UNDER RULE 11(b)(3)</u>**

Pursuant to Rule 11(c) of the Federal Rules of Civil Procedure, Counsel Kahn Swick & Foti, LLC ("Lead Counsel") respectfully submits this memorandum in opposition to the Motion for Sanctions Under Rule 11(b)(3) (the "Motion") filed by Lead Plaintiff Stephen Klug ("Plaintiff" or "Mr. Klug").

Under Fed. R. Civ. P. 11(b), by signing a "pleading, written motion, [or] other paper," an attorney certifies that, "to the best of [his/her] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances…the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]" Rule 11 permits courts to issue sanctions for violations of the Rule, however such decisions "should be made with restraint and discretion." *Pannonia Farms, Inc. v. USA Cable*, 426 F.3d 650, 652 (2d Cir. 2005) (internal quotation marks omitted). The Second Circuit has also made it clear that when the factual contentions are raised under Rule 11, "[a] statement of fact can give rise to the imposition of sanctions only when the 'particular allegation is utterly lacking in support.'" *Kiobel v. Millson*, 592 F.3d 78, 81 (2d Cir. 2010) (quoting *Storey*, 347 F.3d at 388).

Mr. Klug moves for sanctions under Rule 11 arguing that Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses ("Fee Memorandum") falsely stated that, "[t]o date, not a single objection has been filed challenging either the Settlement of Lead Counsel's fee and reimbursement request of up to 30%." *See* D.E. 108 at 1 (citing D.E. 101 at 28). Mr. Klug's motion has no merit, as this statement was true and correct as written. The Notice of Pendency provides a clear procedure and deadlines for objection, including, among other things, that any objection must be signed, include a cover page, state the reasons for the objection, and be mailed to Lead Counsel postmarked by April 5, 2016. *See* D.E.

1

90-2 at 8-9.  As of March 24, 2016, the date Lead Counsel filed the Fee Memorandum, no Class Member submitted an objection in accordance with the required procedures outlined in the Notice of Pendency.

As Mr. Klug's own motion demonstrates, Mr. Klug, who is of course a class member, did not submit a valid written objection.  To the contrary, as the supporting exhibit to Mr. Klug's Motion[1] makes clear, Mr. Klug merely informed Lead Counsel via email on January 6, 2016 that he would appear in Court and object to any fee request of over 20% of the settlement fund. *See* Exhibit B at 4 ("Be advised that I will oppose any application **in excess of 20% of the settlement** and will attend the fairness hearing to testify on behalf of the class.") (emphasis added).  As Mr. Klug is keenly aware, Lead Counsel limited its fee request to 20% in its written motion for fees and expenses (D.E. 101, at 1), as Mr. Klug had requested, despite the fact that Lead Counsel strongly believed and continues to believe that Lead Counsel's efforts in this matter warrant a fee of up to 30% and despite the fact that Mr. Klug had executed a retainer agreement with Lead Counsel agreeing to a fee request of up to a one third fee at the outset of the litigation.  Thus, based on the express and plain language of Mr. Klug's email, Lead Counsel was not on notice that Mr. Klug intended to object to Lead Counsel's fee request.

In any event, Mr. Klug's e-mail correspondence did not comply with the Notice requirements for objecting.  Specifically, Mr. Klug's purported objection: 1) was not signed; 2) was not mailed; 3) did not contain a cover page; and 4) did not provide the basis for the objection.  Exhibit A at 4.  These procedural requirements are particularly important for class representatives to follow because, aside from being the Court-ordered procedure to lodge a valid

---

[1] Mr. Klug's motion references an "attached Exhibit 1 exchange of e-mails between Plaintiff and Counsel" that was not attached to ECF docket entry number 109, and therefore may not have been submitted to the Court.  This exhibit was included in the copy of the motion served on Lead Counsel on April 25, 2016, which is attached hereto as Exhibit A.

objection, the procedure distinguishes a formal objection to the settlement from privileged attorney-client correspondence with Lead Counsel. Had Lead Counsel publicly disclosed the contents of Mr. Klug's email as he apparently argues they should have, Lead Counsel would have waived the attorney-client privilege protecting their correspondence, which of course Mr. Klug has now done.

Simply put, Mr. Klug never gave "advance notice to Lead Counsel for the Class of [his] intention to attend the hearing in order to object and the basis for [his] objection." D.E. 90-2 at 10. Thus, even if Mr. Klug's e-mail to Lead Counsel evinced something more than the mere threat of objection to Lead Counsel's fee request, which it did not, Mr. Klug's e-mail did not comply with the procedural requirements to submit an objection outlined in the Court-approved notice. As such, Lead Counsel did not violate Rule 11(b)(3) and need not correct its Fee Memorandum.

Despite approving the $12 million settlement of this action—which is a remarkable result given the myriad hurdles to recovery at trial—Mr. Klug is evidently dissatisfied with his anticipated individual recovery and has gone to great lengths to increase his share of the Settlement Fund. After threatening to object if Lead Counsel did not lower its fee request to 20%, Mr. Klug appeared at the final fairness hearing on April 21, 2016 and, for the first time, voiced an objection to the 20% fee request and the reasons for his objection.[2] While Lead

---

[2] In his letter to the Court dated May 5, 2016, Mr. Klug states that on "numerous prior occasions" he had communicated that Lead Counsel's representation "did not warrant a $2.4 million fee." This is patently false. Not once prior to the final fairness hearing did Mr. Klug convey to Lead Counsel that their representation in this matter did not warrant a fee of 20% of the Settlement Fund. On April 18, 2016, three days before the final fairness hearing, Mr. Klug emailed Lead Counsel indicating that he would like to address the fee, but did not say he would object to it, nor did he provide any basis for doing so. *See* May 3, 2016 Letter from Lead Counsel to Mr. Klug, attached hereto as Exhibit B, at 2. When asked by Lead Counsel what concerns he wanted to address with the Court, Mr. Klug declined to answer. *Id*.

Counsel sympathizes with Mr. Klug for his losses in connection with this case matter, Mr. Klug's attacks against Lead Counsel are unwarranted and Lead Counsel did its very best to secure a great settlement for the Class, which Mr. Klug approved.

For the foregoing reasons, Lead Counsel respectfully requests this Court enter an Order denying Mr. Klug's Motion.[3]


Dated: **May 18, 2016**              /s/ Kim E. Miller
                                     Kim E. Miller
                                     Bruce Dona
                                     **KAHN SWICK & FOTI, LLC**
                                     250 Park Avenue, Suite 2040
                                     New York, NY 10177
                                     Telephone: (212) 696-3730
                                     Fax: (504) 455-1498
                                     Kim.miller@ksfcounsel.com

                                     -and-

                                     Lewis S. Kahn
                                     J. Ryan Lopatka
                                     206 Covington Street
                                     Madisonville, LA 70447
                                     Phone: (504) 455-1400
                                     Facsimile: (504) 455-1498
                                     lewis.kahn@ksfcounsel.com
                                     j.lopatka@ksfcounsel.com

                                     *Lead Counsel for the Class*

---

[3] In accordance with Fed. R. Civ. P. 11(c)(2), the Court could award Lead Counsel with "reasonable expenses, including attorney's fees, incurred" for defending this motion (which are the possible "consequences" noted by Lead Counsel to Mr. Klug and referenced in his May 5, 2016 letter to the Court (D.E. 108, at 1)). Lead Counsel informed Mr. Klug that they could not represent him regarding this Motion because of the conflict it created. *See* Exhibit B at 2. While an award of reasonable fees and expenses in connection with this Motion may be appropriate, Lead Counsel does not request such fees and expenses at this time.

**CERTIFICATE OF SERVICE**

     I hereby certify that on May 18, 2016, I filed the foregoing upon all counsel of record by using the CM/ECF system, and served upon Lead Plaintiff Stephen Klug by electronic mail and U.S. mail. The CM/ECF system will provide service of such filing(s) via Notice of Electronic Filing (NEF).

                                            /s/ Kim E. Miller_____
                                            Kim E. Miller